Arnold L. Fein, J.
In this consolidated action, the attorneys who appeared for defendant Jose Antonio Lopez (Lopez) in action No. 3, which has been dismissed against Lopez, cross-move in action No. 2 to dismiss the complaint of plaintiff John Sullivan Morris (Morris) against Lopez in that action for lack of personal jurisdiction over said defendant. The action is brought to recover for personal injuries sustained by Morris, a pedestrian, as a result of a collision between a rental automobile owned by defendant Avis Rent A Car System, Inc. (Avis), allegedly rented to and operated by Lopez and an automobile owned and operated by defendant Ronald A. Bryant (Bryant).
Lopez has neither appeared nor answered in action No. 3 and there is no showing that the attorneys were or are authorized to act for Lopez in that action. They carefully denominate their cross motion as being made by them as attorneys for *396 Lopez in action No. 3. Accordingly there is an issue as to their standing. The underlying issue is whether the court has acquired jurisdiction over Lopez in action No. 2 pursuant to section 253 of the Vehicle and Traffic Law governing service on nonresident operators of motor vehicles in this State.
Pursuant to that section plaintiff Morris has filed ‘ ‘ an affidavit of compliance ” together with a copy of the summons and complaint, the requisite notice and affidavits of service and mailing and the original envelope addressed, “ Mr. Jose Antonio Lopez, Rancho Porticular, Santo Domingo, Puerto Rico ”, “ Registered, Return Receipt Requested ’ ’, hearing the handwritten notation “ Refused Delivery ”. This is the address shown on the police reports of the accident.
Subdivision 2 of section 253 of the Vehicle and Traffic Law provides: ‘ ‘ the notation of refusal shall constitute presumptive evidence that the refusal was by the defendant or his agent.”
Defendant’s contention that the notation is insufficient because it is handwritten is without merit. The statute does not require any particular form or formality for such notation, only that it be made by “the postal authorities”. In the absence of any evidence to the contrary, it must be presumed that the notation was made by the postal authorities in Puerto Rico.
At the hearing on the cross motion, the sole witness called by the attorneys in support of the cross motion was an insurance adjuster and investigator from Puerto Rico. He testified at length and in some detail as to his unsuccessful efforts to locate Lopez in Puerto Rico and to find the address to which the envelope was addressed. The police reports received in evidence established that the person driving the vehicle, rented from the defendant Avis, furnished the police department after the accident which is the subject of this lawsuit with the name and address “ Jose Antonio Lopez, Rancho Particular, Santo Domingo, Puerto Rico. ” This is the name and address to which the summons and complaint and notice were mailed. The investigator’s testimony that he could not find Lopez or any evidence of his existence at various places in Puerto Rico and that the address on the envelope was incomplete was not sufficient to overcome the statutory presumption.
Even if the evidence were sufficient, it is questionable whether Lopez or the attorneys who made the cross motion had standing to raise the issue. The cross motion was made by attorneys purporting to represent Lopez in action No. 3 of this consolidated action, and not in action No. 2 brought by the plaintiff Morris. Since the attorneys who appeared on behalf of Lopez *397 only did so in action No. 3 and not in action No. 2, it must be held that they have no standing. It is noteworthy that even in action No. 3, they asserted their appearance was inadvertent because they were misled into the belief Lopez had been served in that action.
It would be anomalous to permit attorneys to proceed on béhalf of a defendant who never authorized them to appear for him, and to allow them to establish that no jurisdiction was obtained over such defendant because process was never served upon him, and that he cannot be found. The attorneys’ reliance upon the disposition of their motion to dismiss in action No. 3, brought on behalf of the plaintiff, Ayres, is misplaced. That motion was granted because they allegedly appeared inadvertently in the belief that Lopez had been served in that action and because plaintiff Ayres’ attempt to comply with section 253 of the Vehicle and Traffic Law was insufficient to obtain jurisdiction over Lopez in that action. They have never appeared in action No. 2 and have no standing in action No. 2 to move on behalf of Lopez. If they are proceeding at the instance of the defendant Avis, they have no standing in that capacity to represent Lopez on his challenge to the jurisdiction, of the court. If they appear at the instance of an insurance carrier for Avis, the same conclusion must follow. There is not even a showing that they represent an insurance carrier for Lopez or in any other way represent him.
Accordingly, the cross motion to dismiss the complaint of Morris against Lopez in action No. 2 for lack of personal jurisdiction is denied.